UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LYZELL SIMPSON,

   Petitioner,

vs.               Civil No.: 06-10154
                  Crim No.: 95-50061

                  Hon. Paul V. Gadola
UNITED STATES OF AMERICA,   Mag. Judge Steven D. Pepe

   Respondent.
_____/

## REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

  Petitioner Eric Lyzell Simpson filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, on January 11, 2006, (Dkt. #723). This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner's motion is untimely, it is recommended that Petitioner's § 2255 Motion be **Denied**.

**II.  FACTS AND PROCEDURAL HISTORY**

  Respondent presented the following factual scenario, which Petitioner does not dispute. Because this motion should be decided on a procedural ground, not a substantive one, facts are abbreviated.

1. Charging and Sentencing Summary.

After a one-month jury trial, defendants Dion Savage, Eric Simpson, and Mark Anderson. [sic]were convicted as charged:. . .count two: conspiracy to distribute cocaine (Dion Savage, Eric Simpson, and Mark Anderson); count four: possession with intent to distribute cocaine (Eric Simpson); count five: felon in possession of firearm (Eric Simpson); . . .

On October 21, 1997, . . . Eric Simpson received concurrent sentences of 360 months (count two); 240 months (count four); and 120 months (count five). (Sentencing, Simpson, 10/21/97 at TR 24-25 and R. 297: Simpson, Judgment). . . .

2. Conspiracy count - count two.

In establishing the CCE, the evidence demonstrated that Dion Savage obtained substantial income as the organizer and leader of five or more persons, in an organization which engaged in a continuing series of drug violations. The evidence also established that Eric Simpson, Mark Anderson, and Martez Coleman knowingly conspired and agreed to distribute cocaine.

Dion Savage, Eric Simpson, Mark Anderson, and Martez Coleman used Dion's Party Store at 6101 N. Saginaw, Flint, Michigan and Dion's Mini-Mart II at 820 Welch Boulevard, Flint, Michigan for the large-scale distribution of crack cocaine during 1991-95. (Carter, 6/17/97 at TR 157-221, 239-41; 6/18/97 at TR 16-17, 28-51, 68-87 Moon, 6/18/97 at TR 174-203, 214, 242-63; Williams, 6/17/97 at TR 74-104, 114-131, 151-55/JA 1157-87, 1197-1214, 1234-38; Carter (Coleman trial), 8/12/97 at TR 32-56, 62-65). . . .

Eric Simpson, Dion Savage's brother-in-law, helped sell crack cocaine at the party stores. He also contacted Savage when they needed more crack. (Carter, 6/17/97 at TR 158-63, 184-85, 212-13; 6/18/97 at TR 35; and Koger, 6/19/97 at TR 116). Simpson provided crack he acquired from Savage to Claude Carter to sell at the stores. (Carter, 6/17/97 at TR 211). Simpson lived at 921 E. Baltimore, Flint, Michigan and sold drugs from that location. (Carter, 6/17/97 at TR 168-69, 214-15; 6/18/97 at TR 32-33; Sorenson, 6/13/97 at TR 138-52, 173-76; and Hetherington, 6/11/97 at TR 71-72). Simpson also acquired cocaine for the organization from Lee Davis Strickland. (Carter, 6/17/97 at TR 177).

\* \* \*

The organization acquired most of the crack cocaine it distributed from Lee Davis Strickland. In 1995 Strickland was indicted in the Eastern District of Michigan. Drug traffickers were concerned that he would cooperate. At that time, Dion Savage advised people to stay away from Strickland as something was going to happen to him. On September 21, 1995, Strickland, free on bond, and his sister, Fannie Strickland, were murdered as they left Strickland's restaurant at 3810 Clio Road, Flint, Michigan, with 80 grams of crack cocaine. . . .

\* \* \*

In 1995, Savage told Carter (who was a government witness) that he had better dig a ditch for himself. (Carter, 6/17/97 at TR 198, 204). Mark Anderson told Carter to accept $7,000 to $10,000 as compensation for his cooperation. (Carter, 6/17/97 at TR 219; 6/18/97 at TR 84-85). Eric Simpson warned Carter that it would not be healthy for him to testify. (Carter, 6/17/97 at TR 220 and 6/18/97 at TR 69). Martez Coleman threatened Carter not to testify and told other inmates that he was going to "f ---" up Carter. (Carter, 8/12/97 at TR 44-45). Frightened, Carter fled after the indictment. (Carter, 6/17/97 at TR 201-205). . . .

3. Possession with Intent to Distribute Cocaine, Count Four and Felon in Possession of Firearm, Count Five.

On November 22, 1995, Flint police officers executed a search warrant at 921 East Baltimore, Flint, Michigan. Eric Simpson attempted to escape through a side door, but was stopped by police officers. In the center console of a vehicle parked in the driveway were 11 individually wrapped rocks of crack cocaine, along with Simpson's wallet and numerous documents in his name. His driver's license listed the residence as his address. In the house was a .410 shotgun. Mr. Simpson had a 1990 felony conviction for Uttering and Publishing. (Sorenson, 6/13/97 at TR 138-52, 173-76; Hetherington, 6/11/97 at TR 71-72, 76; Carter, 6/17/97 at TR 168-69, 214-15 and 6/18/97 at TR 32-33). The firearm was produced outside Michigan. (Bowden, 6/19/97 at TR 197-200, 213-18).

4. Direct Appeal.

On appeal in Sixth Circuit number 97-2305, petitioner challenged the removal of a juror, the sufficiency of the evidence, the admissibility of some of the evidence, and his sentencing guideline enhancements for obstruction and possession of a firearm. These challenges were denied in 1999. (R. 406 and 414).

### III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a

district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

## IV. ANALYSIS

Petitioner's motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255. The statute provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Section (1)**

On September 21, 1999, the Sixth Circuit affirmed Petitioner's conviction. *United States v. Simpson*, 1999 WL 777348, *1 (6th Cir. 1999); (*See also* Dkt. # 406). Under section (1), Petitioner was required to have filed his Section 2255 Motion in the fall of 2000. Instead, Petitioner filed his Motion to Vacate on January 11, 2006, (Dkt. #723), over five years past the one year statute of limitations deadline.

4

**Section (2)**

Petitioner does not allege that the government acted in violation of the Constitution or federal law to create an impediment to his filing to a motion to vacate. Therefore, Section (2) does not apply.

**Section (3)**

Petitioner's motion to vacate does argue that he is entitled to relief under *United States v. Booker*, 543 U.S. 220 (2005).[1] He is required to show a particular right, which was initially recognized after his judgment, and which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence (i.e., a sentence exceeding the maximum sentence authorized by the facts established in a guilty plea or jury verdict) under the United States Sentencing Guidelines, based on the judicial determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, 543 U.S. at 244. The Supreme Court's remedy for the unconstitutionality of the sentencing scheme was to excise the portion of the guidelines that made them mandatory. Thus, prior sentencing by federal judges applying the Guidelines as mandatory could violate *Booker*'s requirement that the Guidelines be counted as advisory, even if the sentence did not exceed the maximum authorized by the facts established by a plea of guilty or a jury verdict.

---

[1]Petitioner was found guilty of Counts Two, Four, and Five by a jury; however, they did not determine quantity (Dkt. #231).

Yet, the Sixth Circuit and other circuits have held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005);[2] *see also Guzman v. U.S.*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. U.S.*, 407 F.3d 608 (3rd Cir. 2005), *U.S. v. Morris*, 429 F.3d 65 (4th Cir. 2005), *U.S. v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). Therefore, *Booker* does not apply to Petitioner's Motion to Vacate, and Section (3) of the statute of limitations is inapplicable.

Petitioner argues that "*Humphress* is limited to how fact-finding was allocated under the non-discretionary (i.e., pre-*Booker*) United States Sentencing Guidelines. *Humphress* does not address the claim that Simpson raises in this petition." (Dkt. #723, pages 5). Additionally, he argues that "*Booker's* holding concerning the right to a jury's determination of aggravating senting [sic] factors is rooted in the Sixth Amendment. Fact-finding allocation is clearly procedural, *see e.g., Summerlin, supra*, and is not a a [sic] nature that is applied retroactively." (Dkt. #723, pages 5 (citations omitted)). Further in his Reply, Petitioner argues

> [t]he *Humphress* decision does not address the substantive aspects of *Booker's* requirement that mandatory sentencing ranges rest on facts that are either admitted or proven beyond a reasonable doubt. Further, *Humphress* would not bar retroactive

---

[2]The Sixth Circuit explained that there are two exceptions to nonretroactivity in analyzing Humphress' case:
> First, the nonretroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.' " . . . The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. . . . The Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. *Beard*, 124 S.Ct. at 2513-14. We hold that *Booker's* rule does not either.

*Humphress*, 398 F.3d at 862-63 (citations omitted). The present case does not fall under either exception.

> application of *Booker's* reasonable doubt rule even if a court subsequently decided that *Booker's* reasonable doubt rule is purely procedural in nature. The *Humphress* decision is limited to the issue that was presented, non-retroactivity of the Sixth Amendment rights announced in *Booker*.

(Dkt. #730, page 7). These claims are without merit. Recently, a divided panel of the Sixth Circuit reiterated, "As we noted in *Humphress*, however, 'Without question, this rule is a procedural one,'" *Valentine v. United States*, __F.3d __, 2007 WL 1387906, at *4 (6th Cir. 2007) ((citing 398 F.3d at 860 n. 1 (citing *Schriro*, 542 U.S. at 348)).

Further, in *Valentine*, one of the petitioners argued "that the 'reasonable doubt rulings in the *Apprendi* line of cases establish a watershed rule that must be applied retroactively under *Teague* due to its impact on the truth-finding function of a trial.'" 2007 WL 1387906, at *5. Yet, the *Valentine* majority held that "the Supreme Court's reasonable doubt rulings form the core of *Apprendi*; they are not a separate strand of principles which have not been analyzed for purposes of this issue. Moreover, this court addressed this issue in *Humphress*, holding that *Booker* did not create a watershed rule of criminal procedure." *Id.* (citations omitted). Thus, Petitioner's claims as to retroactivity are without merit. *Booker* is not retroactive to this case.

**Section (4)**

Petitioner does not allege, and the record does not reflect, that he was only able to discover, through the exercise of due diligence, the facts supporting his claims after the date on which his conviction became final. Therefore, Section (4) does not apply.

## V. CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

**DATED**: June 27, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark C. Jones, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Eric Lyzell Simpson, #19745-039, Federal Correctional Institution, P.O. Box 6001, Ashland, KY 41105-6001.

    s/James P. Peltier
    United States District Court
    Flint, Michigan 48502
    810-341-7850
    E-mail: pete_peltier@mied.uscourts.gov